# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 CV 7064 | DATE | February 6, 2012 |
| CASE TITLE | LYON FINANCIAL SERVICES, INC. v. ILLINOIS PAPER AND COPIER CO. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Defendant Illinois Paper's Motion for Judgment on the Pleadings [45] and DENIES Plaintiff Lyon Financial Services' Motion for Judgment on the Pleadings [49]. Illinois Paper is, therefore, terminated. The Court DENIES Illinois Paper's Motion for Leave to File Amended Answer to Complaint, Counterclaims and Third Party Claims as moot [54].

■[For further detail see below.]    Docketing to mail notice.

## STATEMENT

Plaintiff Lyon Financial Services (hereinafter "Lyon") brought this action against Defendant Illinois Paper and Copier Company (hereinafter "Illinois Paper") alleging breach of contract. The parties have filed cross motions for judgment of the pleadings, which dispute whether a particular warranty in their agreement can form the basis of Lyon's breach of contract claim. For the following reasons, the Court grants Illinois Paper's motion and denies Lyon's motion.

### I. Factual Background

Illinois Paper sells office equipment and office supplies to businesses and city governments. On occasion, Illinois Paper will arrange financing for its customers through third-party finance companies such as Lyon. In October 2006, Illinois Paper and Lyon entered into a contract, giving Lyon a right of first refusal to finance transactions for Illinois Paper's customers (the Finance Agreement).

In October 2008, the Village of Bensenville sought financing to purchase office equipment from Illinois Paper. In that vein, the Village of Bensenville, Illinois Paper, and Lyon entered into a lease agreement, which provided for a six-year lease of copy machines by the Village from Lyon. The Village was listed as the customer (the lessee), Lyon was listed as the owner of the equipment, and Illinois Paper was listed as the supplier of the equipment. Under the lease agreement, the Village was to make 72 monthly payments to Lyon of $9,500 each, totaling $684,000. If the Village was unable to appropriate funds for the lease at any point, the lease agreement provided for Lyon's sole remedy to be repossession of the equipment.

In mid-2010, the Village stopped making payments under the lease agreement. It contended that the lease agreement was unenforceable because it violated Illinois Municipal Code, 65 Ill. Comp. Stat. 5/11-76-6, which limits municipalities to five-year equipment leases.

Instead of suing the Village, Lyon filed the instant suit against Illinois Paper. In its Complaint, Lyon claims that Illinois Paper breached a provision of the Finance Agreement, in which Illinois Paper warrants that "all lease transactions presented to [Lyon] for review are valid and fully enforceable agreements." (Doc. No. 1-1 at 2.)

Illinois Paper now moves for judgment on the pleadings, arguing that its representation concerning the legal enforceability of the lease agreement cannot form the basis of a breach of contract claim.

## II. Standard of Review

Federal Rule of Civil Procedure 12(c) permits a defendant to move for a judgment on the pleadings after a complaint and answer have been filed. Fed. R. Civ. P. 12(c). The Court reviews Rule 12(c) motions under the same standard it reviews motions under Rule 12(b)(6). *Buchanon–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Thus, the Court takes the facts alleged in the complaint as true and views them in the light most favorable to the plaintiff. *Id.* The Court need not, however, ignore facts set forth in the complaint that undermine the plaintiff's claim. *Id.* Dismissal is appropriate where the pleadings fail to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## III. Analysis

Lyon's claim is properly characterized as one for breach of warranty rather than breach of contract because the provision at issue "represent[s] and warrant[s]" that a given condition is true (namely, that the lease agreements Lyons would finance are "valid and enforceable"), rather than promise some performance. *Consol. Freightways Corp. v. Niedert Terminals, Inc.*, 612 F. Supp. 1391, 1396 (N.D. Ill. 1985). To succeed on a breach of warranty claim, a plaintiff must prove that (1) the defendant made an assertion of material fact for the purpose of inducing the plaintiff to rely on it; (2) the alleged warranty was such that a reasonably prudent person would rely on it; and (3) plaintiff did rely upon the alleged warranty. *Carolina Freight Corp. v. Ratner Enter.*, No. 86 C 4822, 1987 WL 11348, at * 3 (N.D. Ill. 1987).

In this case, Lyon claims that Illinois Paper warranted that all lease agreements it presented to Lyon would be valid and fully enforceable, and that the warranty was breached when the Village declared its lease unenforceable. Illinois Paper argues, however, that it cannot be held liable because its representation was one of law, not fact. The Court agrees. Generally, one is not entitled to rely on a representation of law as both parties are presumed to be equally capable of knowing and interpreting the law. *Consol. Freightways*, 612 F. Supp. at 1396. Illinois Paper's representation that leases would be valid and fully enforceable was a pure representation of law and, thus, cannot form the basis of a breach of warranty claim.

Lyon argues that "courts regularly enforce representations and warranties regarding the enforceability of contracts…." (Doc. No. 49 at 10.)[1] Lyon misses an important distinction, however, between pure representations of law and representations that incorporate law and facts. For example, in *Olympic Fed. Sav. Assoc v. Great Lakes Fin. Serv.*, a case on which Lyon relies, the defendant warranted that an equipment lease

---

[1] Despite the fact that Lyon relies on Illinois law throughout its pleadings, it argues the Court should not apply Illinois law because the Finance Agreement contains a Minnesota choice-of-law provision. Because both parties recognize that there is no material difference between Illinois and Minnesota law on the issues raised in their motions, the Court need not engage in a choice-of-law analysis at this time.

was "genuine and legally enforceable." When the plaintiff in that case later demonstrated that the lease contained a forged signature, the district court held that the defendant had breached the warranty of genuineness. The representation in that case cannot be considered a "purely legal" one because plaintiff's knowledge of the law alone would not have cued it in to the forgery.

In contrast, Lyon's awareness of the applicable law in this case would have uncovered the lease agreement's unenforceability. That lease agreement created a six-year term, and Illinois Municipal Code, 65 Ill. Comp. Stat. 5/11-76-6 limits all municipal equipment leases to five-year terms. Accordingly, Lyon cannot satisfy the elements of a breach of warranty claim, and Illinois Paper is entitled to judgment on the pleadings.

For the foregoing reasons, the Court grants Illinois Paper's Motion for Judgment on the Pleadings and denies Lyon's Motion for Judgment on the Pleadings.

*Wm. J. Hibbler*